**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTIAN BRYANT,                    )
                                     )
            Petitioner,              )        2:15-cv-00486-APG-VCF
                                     )
vs.                                  )        **ORDER**
                                     )
DWIGHT NEVEN , *et al.*,             )
                                     )
            Respondents.             )
_____/

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Christian Bryant, a Nevada prisoner.  On August 21, 2015, respondents filed a motion to dismiss arguing that Bryant has not exhausted state court remedies for certain claims in his petition.  ECF No. 7.  This order decides that motion.

**I.  PROCEDURAL BACKGROUND**

On October 5, 2011, a jury in the state district court for Clark County, Nevada, found Bryant guilty of robbery, battery with use of a deadly weapon, two counts of possession of a controlled substance, and escape.  A sentencing hearing was held December 9, 2011.  The court entered a judgment of conviction on December 20, 2011, sentencing him to concurrent terms ranging from 12 to 120 months on the first four counts with a consecutive sentence of 12 to 60 months on the fifth.  An amended judgment of conviction was entered on March 14, 2012.

Bryant appealed.  On September 13, 2012, the Nevada Supreme Court entered an order affirming the lower court's judgment.

On February 13, 2013, Bryant filed a state habeas corpus petition in the state district court.  After appointment of counsel, Bryant filed a supplemental petition.  The court held an evidentiary hearing on March 31, 2014, then entered an order denying the petition on April 28, 2014.  Bryant

appealed.  On December 11, 2014, the Nevada Supreme Court entered an order affirming the lower court's judgment.

In March 2015, Bryant initiated this federal habeas corpus proceeding.

**II. EXHAUSTION**

Respondents argue Bryant has failed to exhaust state court remedies for Grounds I and III of his federal habeas petition.  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met

2

when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

In Ground I, Bryant claims a violation of his constitutional rights based on an allegation that insufficient evidence was presented in the state trial court to sustain his robbery conviction. On direct appeal, Bryant raised a similar claim with respect to the battery with use of a deadly weapon conviction, but not the robbery conviction. ECF No. 7-30. And, while he challenged the sufficiency of evidence supporting the robbery conviction in the habeas petition he filed in the state district court (ECF No. 7-34, p. 16-21), he did not raise the issue in his subsequent appeal to the Nevada Supreme Court (ECF No. 7-43). Accordingly, Ground I is unexhausted.

In Ground III, Bryant claims a violation of his constitutional rights based on an allegation that insufficient evidence was presented in the state trial court to sustain his escape conviction. Here again, Bryant did not raise the claim on direct appeal. ECF No. 7-30). And, as with Ground I, he raised it in his state habeas petition (ECF No. 7-34, p. 28-33), but not in his subsequent appeal to the Nevada Supreme Court (ECF No. 7-43). Accordingly, Ground III is unexhausted.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 7) is GRANTED.

**IT IS FURTHER ORDERED** that, with respect to petitioner's unexhausted claims (Grounds I and III), petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted

claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7–2.

   **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.

   **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

   **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed pursuant to *Rose v. Lundy* .

   Dated: February 11, 2016.

   _____
   UNITED STATES DISTRICT JUDGE

4